IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

| | |
|---|---|
| PATRICK E. CALLAHAN,  )<br>Kansas City, Kansas  66111,  )<br>                                         )<br>                     Plaintiff,  )<br>                                         )<br>v.                                     )     Case No. 11-2621-WEB-KMH<br>                                         )<br>THE UNIFIED GOVERNMENT OF  )<br>WYANDOTTE COUNTY/KANSAS CITY,  )<br>KANSAS                             )<br>c/o Bridgette D. Cobbins, Clerk,  )<br>707 N. 7th Street, Room 323  )<br>Kansas City, Kansas  66101,  )<br>                                         )<br>and                                  )<br>                                         )<br>RICK ARMSTRONG, Chief of Police  )<br>in his official and individual capacities,  )     JURY TRIAL DEMANDED<br>c/o Kansas City, Kansas Police Department  )<br>700 Minnesota Avenue,  )<br>Kansas City, Kansas  66101,  )<br>                                         )<br>and                                  )<br>                                         )<br>KEVIN STEELE, Assistant Chief of Police  )<br>in his official and individual capacities,  )<br>c/o Kansas City, Kansas Police Department  )<br>700 Minnesota Avenue,  )<br>Kansas City, Kansas  66101,  )<br>                                         )<br>and                                  )<br>                                         )<br>TERRY ZIEGLER, Assistant Chief of Police  )<br>in his official and individual capacities,  )<br>c/o Kansas City, Kansas Police Department  )<br>700 Minnesota Avenue,  )<br>Kansas City, Kansas  66101,  )<br>                                         )<br>and                                  )<br>                                         )<br> | |

| | |
|---|---|
| TERENCE HALL, Assistant Chief of Police<br>in his official and individual capacities,<br>c/o Kansas City, Kansas Police Department<br>700 Minnesota Avenue,<br>Kansas City, Kansas  66101, | )<br>)<br>)<br>)<br>) |
| and | )<br>) |
| JOHN DOES I - X, Kansas City, Kansas<br>police commanders, officers, and/or Unified<br>Government officials charged with the<br>training and supervision of the above listed<br>Defendants or who committed acts and<br>omissions as herein alleged in their official<br>and individual capacities, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT

COMES NOW Patrick E. Callahan, by his attorneys, and states and alleges the following for his causes of action against Defendants Unified Government of Wyandotte County/Kansas City, Kansas, Police Chief Rick Armstrong, Assistant Chief Kevin Steele, Assistant Chief Terry Ziegler, and John Does I-X:

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues raised herein.

### DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates Kansas City, Kansas as the place of trial.

### PARTIES

1.  Plaintiff Patrick E. Callahan is a Kansas City, Kansas Police Officer, and, at all times relevant hereto, was a resident of Kansas City, Wyandotte County, Kansas and a citizen of the United States.  He is married to Peggy Callahan.

2. Pursuant to the authority granted by the Consolidation Act, K.S.A. § 12-340 *et seq.*, Defendant Unified Government of Wyandotte County/Kansas City, Kansas ("Unified Government") is a consolidated government which is a county with all the powers, functions, and duties afforded to counties under the Kansas Constitution and statutes and is also a city of the first class with all the powers, functions, and duties afforded to cities of the first class under the Kansas Constitution and statutes. The Unified Government has the power to sue and be sued and to exercise such other and further powers as may be conferred by the constitution or statutes of the State of Kansas.

3. Defendant Rick Armstrong, at all times relevant hereto, was the Chief of Police for the Kansas City, Kansas Police Department ("KCKPD"). On information and belief, Defendant Armstrong has primary responsibility for administration of activities and services of the KCKPD and for the supervision of KCKPD personnel. In addition, Defendant Armstrong participated personally in the acts and omissions giving rise to this suit. Defendant Armstrong is sued in his official capacity as Police Chief and in his individual capacity.

4. Defendant Kevin Steele, on information and belief, was, at all times relevant hereto, an Assistant Chief of Police with the KCKPD and commander of the KCKPD Services Bureau. In addition, Defendant Steele participated personally in the acts and omissions giving rise to this suit. Defendant Steele is sued in his official capacity as an Assistant Police Chief and commander with the KCKPD and in his individual capacity.

5. Defendant Terry Ziegler, on information and belief, was, at all times relevant hereto, an Assistant Chief of Police with the KCKPD and commander of the KCKPD

Operations Bureau. In addition, Defendant Ziegler participated personally in the acts and omissions giving rise to this suit. Defendant Ziegler is sued in his official capacity as an Assistant Police Chief and commander with the KCKPD and in his individual capacity.

6. Defendant Terence Hall, on information and belief, was, at all times relevant hereto, an Assistant Chief of Police with the KCKPD and commander of the KCKPD Criminal Investigation Bureau. In addition, Defendant Hall participated personally in the acts and omissions giving rise to this suit. Defendant Hall is sued in his official capacity as an Assistant Police Chief and commander with the KCKPD and in his individual capacity.

7. Defendants John Doe I-X, on information and belief, were, at all times relevant hereto, KCKPD commanders, officers, or Unified Government officials charged with training and/or supervision of Defendants Armstrong, Steele, Ziegler, and Hall and/or were participants in the acts and omissions giving rise to this Complaint. Defendants Doe I-X are sued in their official and individual capacities.

8. The acts and omissions of Defendants Armstrong, Steele, Ziegler, Hall, and Does I-X were committed by them while acting under color of state law and the regulations, policies, procedures, practices, customs, and usages of the Unified Government of Wyandotte County/Kansas City, Kansas and the Kansas City, Kansas, Police Department.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343, 1331, and 1332 as to all claims.

10. Plaintiff intends to timely amend this Complaint to allege as yet unripe state law claims which are so related to each other and to the federal claims herein pleaded that they

form part of the same case or controversy under Article III of the United States Constitution, which will invoke this Court's jurisdiction under 28 U.S.C. § 1367.

11.  This Court has jurisdiction over all Defendants because the unlawful acts alleged in this Complaint were committed in Kansas City, Wyandotte County, Kansas, which lies within the District of Kansas.

12.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events and/or omissions giving rise to Plaintiff's claims occurred in Kansas City, Wyandotte County, Kansas, which lies within the District of Kansas, and because Defendants Armstrong, Steele, Ziegler, Hall, and Does I-X perform their duties and responsibilities within, and the Unified Government is located in the District of Kansas.

## GENERAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

13.  On January 4, 2011, Plaintiff Callahan was part of a ten-man SCORE/SWAT team that had been assigned to conduct a search at a residence located at 730 Everett Avenue, Kansas City, Kansas.

14.  The search of the residence was to be conducted at about noon on January 4, 2011.

15.  When the team arrived at the Everett Avenue residence, all ten members of the team, including Plaintiff Callahan, entered the residence to clear it of occupants.

16.  When the officers entered, there were no occupants in the residence.

17.  Within minutes, Plaintiff Callahan left the inside of the residence to take his assigned position covering the front entrance from the exterior of the residence and he remained outside the residence for the remainder of the search.

18. After the conclusion of the search, Plaintiff and the other members of the team boarded the police van in which the team had arrived at the Everett Avenue residence.

19. Two KCKPD officers who were not members of the team, Sergeants Matt Cross and George Sims, joined the team in the back of the van and an unknown KCKPD police officer drove the van.

20. The van took Plaintiff, the other team members, and Sergeants Cross and Sims, into the basement of Police Headquarters at 700 Minnesota Avenue, Kansas City, Kansas.

21. All ten of the team members were ordered to vacate the van, and they were disarmed, searched, placed under arrest, and detained, while under gun point and/or in the custody of armed commanders, including, but not limited to Defendants Armstrong, Steele, Ziegler, Hall, and some of the John Doe defendants.

22. When Plaintiff Callahan was searched in the basement of Police Headquarters, nothing illegal, improper, stolen, or in violation of KCKPD orders or rules was found on his person or under his control nor was anything illegal, improper, stolen, or in violation of KCKPD orders or rules found to be associated with or in any way related to Plaintiff Callahan.

23. Because nothing illegal, improper, stolen, or otherwise in violation of KCKPD orders or rules was found on, associated with, or related to Plaintiff Callahan, there was no probable cause to arrest him.

24. Despite the absence of any probable cause to arrest Plaintiff Callahan, he was told he was under arrest and not free to leave.

25. Plaintiff Callahan was continuously in the custody of one or more police

commanders, including, but not limited to Defendants Armstrong, Steele, Ziegler, Hall, and some of the John Doe defendants – and was even escorted by such commanders while using the restroom – and was under arrest and detained until approximately 2:00 a.m. on the morning of January 5, 2011.

26.  Because the acts and omissions of Defendants Armstrong, Steele, Ziegler, Hall, and some of the John Doe defendants were planned, adopted, and carried out by the highest decision-making authorities in the KCKPD, said acts and omissions constituted the policy, custom, and practice of Defendant Unified Government.

27.  The acts, omissions, conduct, and behavior of Defendants Armstrong, Steele, Ziegler, Hall, and some of the John Doe defendants as alleged herein were the product of a failure to train and/or inadequate training of said defendants.  Alternatively, the acts, omissions, conduct, and behavior of Defendants Armstrong, Steele, Ziegler, Hall, and some of the John Doe defendants as alleged herein were the product of a failure to supervise and/or inadequately supervise said defendants.

28.  Within the Unified Government and the KCKPD there exists some employee hiring, training, supervision, and retention policies, procedures, practices that are so pervasive that they constitute the policy of the Unified Government and the KCKPD and were the moving force behind and thereby caused the constitutional deprivations suffered by Plaintiff as herein alleged; alternatively, there has been a failure to adopt employee hiring, training, supervision, and retention policies, practices, and procedures which would have prevented the constitutional deprivations suffered by Plaintiff as herein alleged.

29.  As a result of the actions, omissions, conduct, and behavior of Defendants

including, but not limited to Defendants Armstrong, Steele, Ziegler, Hall, and some of the John Doe defendants, all of which constituted the policy, custom, and practice of Defendant Unified Government, Plaintiff was disarmed, detained, and unlawfully arrested at gun point by law enforcement officers whom he knew to have been trained never to point guns at persons without being prepared to use lethal force, and, accordingly, experienced fear and apprehension; he was assaulted and battered while being removed from the van and searched; he was unlawfully held for nearly twelve hours in insulting, humiliating, and embarrassing circumstances that included being escorted by an armed officer while using the restroom; he was subsequently assigned to administrative duties for approximately one month during which he was further humiliated and embarrassed; he suffered, continues to suffer, and will in the future suffer anxiety, psychological trauma, fear, mental pain and suffering, impacting his personal and professional life.

30. The acts, omissions, conduct, and behavior of Defendants Armstrong, Steele, Ziegler, Hall, and some of the John Doe defendants were driven by an evil motive or intent, or involved a reckless or callous indifference to or disregard of Plaintiff's constitutional rights by reason of which Plaintiff is entitled to an award of punitive damages in an amount to be proved at trial.

## COUNT I
### UNLAWFUL ARREST AND DETENTION
### 42 U.S.C. § 1983
**Fourth and Fourteenth Amendments to the Constitution of the United States**
**(Against Defendants Armstrong, Steele, Ziegler, Hall, and Various Doe Defendants)**

31. Plaintiff hereby incorporates by reference paragraphs 1 through 30 as if fully set forth here.

32. After the search of Plaintiff yielded nothing illegal, improper, stolen, or in violation of KCKPD orders or rules on his person nor was anything illegal, improper, stolen, or in violation of KCKPD orders or rules found to be associated with or related to Plaintiff Callahan, a reasonable officer would not believe that Plaintiff had committed or was committing an offense and would not believe that there was reasonable suspicion to detain or probable cause to arrest Plaintiff and to confine him for nearly twelve hours.

33. Defendants Armstrong, Steele, Ziegler, Hall, and some of the John Doe defendants knew or should have known that under the United States Constitution there is a clearly established prohibition against an arrest and detention without probable cause and that their actions violated Plaintiff's constitutional rights.

34. The acts or omissions of Defendants Armstrong, Steele, Ziegler, Hall, and some of the John Doe defendants were under color of state law.

35. As alleged, *supra* at ¶ 29, as a result of the actions, omissions, conduct, and behavior of Defendants Armstrong, Steele, Ziegler, Hall, and some of the John Doe defendants, Plaintiff experienced fear and apprehension on the night of January 4-5, 2011; he was assaulted and battered while being removed from the van and searched; he was unlawfully held for nearly twelve hours in insulting, humiliating, and embarrassing circumstances which included being escorted by an armed officer while using th restroom; h was subsequently assigned to administrative duties for approximately one month during which he was further humiliated and embarrassed; he suffered, continues to suffer, and will in the future suffer anxiety, psychological trauma, fear, mental pain and suffering, impacting his personal and professional life.

36. As alleged, *supra* at ¶ 30, the acts and omissions of Defendants Armstrong, Steele, Ziegler, Hall, and some of the John Doe defendants were driven by an evil motive or intent, or involved a reckless or callous indifference to or disregard of Plaintiff's constitutional rights by reason of which Plaintiff is entitled to an award of punitive damages in an amount to be proved at trial.

37. Plaintiff is entitled to recover from Defendants Armstrong, Steele, Ziegler, Hall, and some of the John Doe defendants his reasonable attorneys' fees and expenses, as provided by 42 U.S.C. § 1988.

## COUNT II
### DENIAL OF DUE PROCESS
### 42 U.S.C. § 1983
### Fifth and Fourteenth Amendments to the Constitution of the United States
### (Against Defendants Armstrong, Steele, Ziegler, Hall, and Various Doe Defendants)

38. Plaintiff hereby incorporates paragraphs 1 through 30 as if fully set forth here.

39. The conduct of Defendants Armstrong, Steele, Ziegler, Hall, and some of the John Doe defendants as hereinabove alleged, particularly arresting and detaining Plaintiff without probable cause deprived Plaintiff of his right not to be deprived of liberty without due process of law under the Fifth and Fourteenth Amendments to the Constitution of the United States.

40. The acts, conduct, and behavior of Defendants Armstrong, Steele, Ziegler, Hall, and some of the John Doe defendants were under color of state law.

41. Defendants Armstrong, Steele, Ziegler, Hall, and some of the John Doe defendants knew or should have known that the arrest and detention of Plaintiff in the absence of probable cause violated Plaintiff's constitutional right to due process of law.

10

42. The acts, conduct, and behavior of Defendants Armstrong, Steele, Ziegler, Hall, and some of the John Doe defendants caused Plaintiff to suffer actual damage as set forth, *supra* at ¶ 29, in that, as a result of the actions, omissions, conduct, and behavior of Defendants Armstrong, Steele, Ziegler, Hall, and some of the John Doe defendants, Plaintiff experienced fear and apprehension on the night of January 4-5, 2011; he was assaulted and battered while being removed from the van and searched; he was unlawfully held for nearly twelve hours in insulting, humiliating, and embarrassing circumstances which included being escorted by an armed officer while using th restroom; h was subsequently assigned to administrative duties for approximately one month during which he was further humiliated and embarrassed; he suffered, continues to suffer, and will in the future suffer anxiety, psychological trauma, fear, mental pain and suffering, impacting his personal and professional life.

43. The acts and omissions of Defendants Armstrong, Steele, Ziegler, Hall, and some of the John Doe defendants were driven by an evil motive or intent, or involved a reckless or callous indifference to or disregard of Plaintiff's constitutional rights by reason of which Plaintiff is entitled to an award of punitive damages in an amount to be proved at trial.

44. Plaintiff is entitled to recover from Defendants Armstrong, Steele, Ziegler, Hall, and some of the John Doe defendants his reasonable attorneys' fees and expenses, as provided by 42 U.S.C. § 1988.

COUNT III
POLICIES, PROCEDURES, AND PRACTICES UNDER 42 U.S.C. § 1983
**(Against Defendants Unified Government, Armstrong, and Various Doe Defendants)**

45. By this reference, Plaintiff incorporates each and every allegation and averment

set forth in paragraphs 1 through 44 of this Complaint as if fully set forth here.

46. Because the acts and omissions of Defendants Armstrong, Steele, Ziegler, Hall, and some of the John Doe defendants were adopted and carried out by the highest decision-making authorities in the KCKPD, said acts and omissions constituted the policy, custom, and practice of Defendant Unified Government.

47. Alternatively, there exists within the Unified Government and the KCKPD employee hiring, training, supervision, and retention policies, procedures, practices that are so pervasive that they constitute the policy of the Unified Government and the KCKPD and were the moving force behind and thereby caused the constitutional deprivations suffered by Plaintiff as herein alleged; alternatively, there has been a failure to adopt employee hiring, training, supervision, and retention policies, practices, and procedures which would have prevented the constitutional deprivations suffered by Plaintiff as herein alleged.

48. Defendants Unified Government, Armstrong, and various John Doe defendants are vested with the authority to establish employee hiring, training, supervision, and retention policies, procedures, practices, and usages of and for the KCKPD as are required for the lawful and effective administration of the Department and the protection of citizens and fellow officers. Defendants Unified Government, Armstrong, and various John Doe defendants have failed to establish and administer hiring, training, supervision, and retention policies, procedures, practices, and usages in a manner calculated to assure that KCKPD officers do not present a risk or unnecessarily increase the risk of constitutional violations of the rights of citizens or harm to fellow officers.

49. Defendants Unified Government, Armstrong, and various John Doe defendants

were aware of the hiring, training, supervision, and retention policies, procedures, practices and usages of the KCKPD and knew or should have known that the hiring, training, supervision, and retention policies, procedures, practices, and usages for the KCKPD, or the absence of same, presented a risk and/or unnecessarily increased the risk of constitutional violations of the rights of citizens and harm to fellow officers.

50. Defendants Unified Government, Armstrong, and various John Doe defendants have the power and responsibility to prevent the existence of policies, procedures, practices, and usages which result in constitutional violations of the rights of citizens and, conversely, to establish policies, procedures, practices, and usages which prevent constitutional violations such as that suffered by Plaintiff.

51. Defendant Armstrong is in a position to establish informal policies, procedures, practices, and usages and to recommend to Defendant Unified Government formal policies, procedures, practices, and usages which prevent constitutional violations such as that suffered by Plaintiff.

52. The failure of Defendants Unified Government, Armstrong, and various John Doe defendants to affirmatively act in the face of policies, procedures, practices, and usages which resulted in constitutionally violative conduct establishes a policy to condone and otherwise tolerate constitutionally violative conduct in general and specifically, the constitutionally violative conduct alleged herein.  Had Defendants Unified Government, Armstrong and various John Doe defendants affirmatively acted to establish hiring, training, supervision, and retention policies, procedures, practices, or usages which were reasonably calculated to assure that officers were properly hired, trained, supervised, and retained or

dismissed, the constitutional deprivation suffered by Plaintiff would not have occurred.

53.  In their failures as described, Defendants Unified Government, Armstrong, and various John Doe defendants intentionally disregarded known facts or, alternatively, were deliberately indifferent to a risk of constitutional violation of which they knew or should have known and their culpability caused the constitutional violations suffered by Plaintiff .

54.  As a direct and proximate result of the fact that the acts and omissions of Defendants Armstrong, Steele, Ziegler, Hall, and some of the John Doe defendants were adopted and carried out by the highest decision making authorities in the KCKPD and due to the policies, procedures, practices, and usages of the KCKPD as established by Defendants Unified Government, Armstrong, and various John Doe defendants, or the absence of same, Plaintiff suffered damages as set forth in paragraph 29.

55.  Because the acts and omissions of Defendants Armstrong, Steele, Ziegler, Hall, and some of the John Doe defendants were adopted and carried out by the highest decision making authorities in the KCKPD and constituted the policies, procedures, practices, and usages of the Unified Government, Armstrong, and various other John Doe defendants, and Defendants' promulgation or failure to promulgate, administration of or failure to administer hiring, training, supervision, and retention policies, practices, and usages, all of which caused the constitutional deprivations suffered by Plaintiff, were willful, wanton, reckless, and malicious, and demonstrated a complete and deliberate indifference to, and conscious disregard for, the rights of Plaintiff, Plaintiff is entitled to an award of punitive or exemplary damages in an amount sufficient to punish Defendants Armstrong and various John Doe defendants or to deter Defendants and others from like conduct in the future.

56. Plaintiff is entitled to recover from the defendants reasonable attorneys' fees and expenses, as provided by 42 U.S.C. § 1988.

COUNT IV
FAILURE TO TRAIN/INADEQUATE TRAINING
UNDER 42 U.S.C. § 1983
**(Against Defendants Unified Government, Armstrong, and Various Doe Defendants)**

57. By this reference, Plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 44 of this Complaint as if fully set forth here.

58. Defendants Unified Government, Armstrong, and various Doe defendants had the authority to train, supervise, discipline, and otherwise control the officers of the KCKPD, including Defendants Armstrong, Steele, Ziegler, Hall, and some of the John Doe defendants.

59. Defendants Unified Government, Armstrong, and various Doe defendants had a duty to train police under their supervision, including Defendants Armstrong, Steele, Ziegler, Hall, and some of the John Doe defendants.

60. Defendants Unified Government, Armstrong, and various Doe defendants had a duty to provide reasonable training to prevent the police officers under their supervision from unlawfully arresting and detaining Plaintiff without probable cause.

61. Defendants Unified Government, Armstrong, and various Doe defendants failed to train the police officers under their supervision in a manner that reasonable governmental entities, police departments, and police chiefs and governmental officials would have under the circumstances.

62. The failure of Defendants Unified Government, Armstrong, and various Doe defendants to provide reasonable and adequate training to prevent the police officers under their supervision from unlawfully arresting and detaining citizens without probable cause,

amounts to a custom and demonstrated deliberate indifference to or tacit authorization of the acts and omissions of Defendants Armstrong, Steele, Ziegler, Hall, and some of the John Doe defendants.

63. The failure of Defendants Unified Government, Armstrong, and various Doe defendants to adequately train KCKPD officers, and particularly Defendants Armstrong, Steele, Ziegler, Hall, and some of the John Doe defendants proximately caused injury to Plaintiff.

64. Plaintiff has been damaged as a direct and proximate result of the defendants' actions as set forth in paragraph 29.

65. Defendants' failure to exercise reasonable care in training the police officers under their supervision, including Defendants Armstrong, Steele, Ziegler, Hall, and some of the John Doe defendants, was willful, wanton, reckless, and malicious, and further shows a complete and deliberate indifference to, and conscious disregard for, the rights of Plaintiff. Therefore, Plaintiff is entitled to an award of punitive or exemplary damages in an amount sufficient to punish Defendants Armstrong and various John Doe defendants or to deter Defendants and others from like conduct in the future.

66. Plaintiff is entitled to recover from the defendants reasonable attorneys' fees and expenses, as provided by 42 U.S.C. § 1988.

## COUNT V
### FAILURE TO SUPERVISE/INADEQUATE SUPERVISION UNDER 42 U.S.C. § 1983
**(Against Unified Government, Armstrong, and Various Doe Defendants)**

67. By this reference, Plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 44 of this Complaint as if fully set forth here.

68. Defendants Unified Government, Armstrong, and various Doe defendants had the authority to train, supervise, discipline, and otherwise control the officers of the KCKPD, including Defendants Armstrong, Steele, Ziegler, Hall, and some of the John Doe defendants.

69. Defendants Unified Government, Armstrong, and various Doe defendants had a duty to control, direct, and supervise the conduct of Defendants Armstrong, Steele, Ziegler, Hall, and some of the John Doe defendants.

70. Defendants Unified Government, Armstrong, and various Doe defendants had a duty to exercise reasonable care to prevent the officers under their supervision from unlawfully arresting and detaining Plaintiff without probable cause.

71. Defendants Unified Government, Armstrong, and various Doe defendants failed to exercise the proper degree of control and supervision of the officers under their supervision that reasonable governmental entities, police departments, and police chiefs and governmental officials would have exercised under the circumstances.

72. The failure of Defendants Unified Government, Armstrong, and various Doe defendants to provide reasonable and adequate supervision to prevent the police officers under their supervision from unlawfully arresting and detaining citizens, amounts to a custom and demonstrated deliberate indifference to or tacit authorization of the acts and omissions of Defendants Armstrong, Steele, Ziegler, Hall, and some of the John Doe defendants.

73. The failure of Defendants Unified Government, Armstrong, and various Doe defendants to provide reasonable supervision of Defendants Armstrong, Steele, Ziegler, Hall, and some of the John Doe defendants, proximately caused injury to Plaintiff.

74. As a result of the failure of Defendants, Plaintiff suffered actual damages as set

forth in paragraph 29.

75. Defendants' failure to exercise reasonable care in supervising the police officers under their supervision, including Defendants Armstrong, Steele, Ziegler, Hall, and some of the John Doe defendants was willful, wanton, reckless, and malicious, and further shows a complete and deliberate indifference to, and conscious disregard for, rights of Plaintiff. Therefore, Plaintiff is entitled to an award of punitive or exemplary damages against Defendant Armstrong and various Doe Defendants in an amount sufficient to punish Defendants or to deter Defendants and others from like conduct in the future.

76. Plaintiff is entitled to recover from the defendants reasonable attorneys' fees and expenses, as provided by 42 U.S.C. § 1988.

WHEREFORE, Plaintiff requests that the Court, after a trial by jury of his claims, enter judgment against Defendants for his actual damages, nominal damages, and punitive or exemplary damages as are proven at trial, for his attorney fees and expenses pursuant to 42 U.S.C. § 1988, for costs herein, and for any such further legal and equitable relief as the Court deems appropriate.

Respectfully submitted,

ARTHUR BENSON & ASSOCIATES


By  s/ Arthur A. Benson II
Arthur A. Benson II  D.Kan. # 70134
Jamie Kathryn Lansford D.Kan #70220
4006 Central Avenue (Zip for Courier: 64111)
P.O. Box 119007
Kansas City, Missouri 64171-9007
(816) 531-6565
(816) 531-6688 (telefacsimile)
abenson@bensonlaw.com

jlansford@bensonlaw.com

Attorneys for Plaintiff

Case 2:11-cv-02621-KHV   Document 1   Filed 11/10/11   Page 19 of 19