# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **PATRICK CALLAHAN,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**THE UNIFIED GOVERNMENT OF** )<br>**WYANDOTTE COUNTY/KANSAS** )<br>**CITY KANSAS, et al.,** )<br>)<br>**Defendants,** )<br>)<br>_____ ) | Case No. 11-2621-KHV<br>(Lead Case)[1] |

## MEMORANDUM AND ORDER

On January 15, 2013 the court conducted a telephone conference with counsel to address defendants' motion for a protective order concerning the deposition of Allison Armstrong, the wife of Police Chief Rick Armstrong. (Doc. 133). For the reasons set forth below, the motion shall be GRANTED.

Highly summarized, plaintiffs seek to depose Allison Armstrong to question her about whether she threw dishes at her husband or his patrol car in 2007. Plaintiffs contend that they have a good faith basis for taking Allison's deposition because rumors about the couples' marital discord have circulated in the police department and Rick testified during his deposition that he was unaware of his wife throwing china at him or his police car. He

---

[1] Case Nos. 11-2699, 12-2010, and 12-2028 are consolidated with this case for purposes of discovery and all discovery related motions and orders are filed in 11-2621.

also testified that the police have never come to his house regarding any type of domestic violence or argument.  Plaintiffs contend that they should be permitted to question his wife to determine the truthfulness of Rick's testimony concerning marital arguments.

The status of Rick and Allison's marital relationship in 2007 and whether they had an argument is not related in any manner to the 2011 events that are the basis of plaintiffs' claims in this lawsuit.  Although plaintiffs argue that they should be allowed to engage in discovery to test Rick's "credibility," the court finds that the burden of the proposed discovery outweighs its likely benefit, considering the needs of the case and the importance of the discovery in resolving the issues.  Fed. R. Civ. P. 26(b)(2)(iii).  Contrary to plaintiffs' arguments, the deposition appears to be a fishing expedition into the personal life of a party based on office rumors having no direct relevance to plaintiffs' claims.  A protective order is warranted under Fed. Rule 26(c) to protect Allison from annoyance and embarrassment.

Plaintiffs' related argument that the discovery is relevant to show whether records "were deleted from the system" is a red herring.  If plaintiffs' suggested approach were adopted, virtually *any* discovery request could be relevant based on a "testing the records" argument.  There are better, more focused discovery methods concerning record keeping and plaintiffs will not be permitted to conduct discovery concerning unrelated personal issues under the guise of "testing a record keeping system."  Accordingly, Allison and defendants' motion for a protective order and to quash the deposition shall be GRANTED.

**IT IS THEREFORE ORDERED** that Allison Armstrong's motions to join

defendants motion and reply brief **(Docs.137 & 142)** are **GRANTED.** The motion for a protective order and to quash **(Doc. 133)** is **GRANTED.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 17th day of January 2013.

S/ Karen M. Humphreys

_____
KAREN M. HUMPHREYS
United States Magistrate Judge