**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

PATRICK CALLAHAN,            )
                             )
        **Plaintiff,**      )
                             )
v.                           )   **Case No. 11-2621-KHV**
                             )   **(Lead Case)**[1]
THE UNIFIED GOVERNMENT OF    )
WYANDOTTE COUNTY/KANSAS      )
CITY KANSAS, et al.,         )
                             )
        **Defendants,**     )
                             )
                             )

## MEMORANDUM AND ORDER

This matter is before the court on plaintiffs' motion for sanctions. (Doc. 177). For the reasons set forth below, the motion shall be DENIED WITHOUT PREJUDICE.

Plaintiffs' complaints of illegal arrest and detention are based on events that occurred on June 4 and 5, 2011. On January 10, 2011, Sean McCauley, an attorney for the Fraternal Order of Police, Lodge 4, faxed a letter to Chief Armstrong and defense attorney Ryan Denk requesting that the Kansas City, Kansas Police Department preserve all evidence, including video and audio footage "capturing the detention of members of the S.C.O.R.E. unit from approximately 12:00 hours on January 4, 2011 to 12:00 hours on January 5, 2011" for use

---

[1] Case Nos. 11-2699, 12-2010, and 12-2028 are consolidated with this case for purposes of discovery and all discovery related motions and orders are filed in 11-2621.

in civil or administrative proceedings in the future. Armstrong arranged for the preservation of video recordings of the arrest in the police department basement but took no steps to preserve video recordings from other locations in the police station.

Plaintiffs move for sanctions, arguing that defendants' failure to preserve all electronically stored information warrants an adverse jury instruction telling the jurors that they can infer that the requested video that was not preserved was unfavorable to defendants. In the alternative, plaintiffs suggest an order striking defendants' pleadings to "adequately punish the past wrongdoing and deter future wrongdoing." Armstrong and the Unified Government concede that not all video records of various areas in the police department were preserved but argue that (1) Armstrong's failure to preserve all video records was neither intentional nor in bad faith, (2) the missing video evidence is of marginal relevance, and (3) plaintiffs cannot demonstrate prejudice justifying the requested sanctions. Plaintiffs counter that the missing video records of plaintiffs' detention while on the elevators and walking down police department corridors are relevant to their claims.

The court is not persuaded that a ruling on plaintiffs' motion is appropriate at this time. First, the issues and contentions have not been refined and it would be an inefficient use of judicial resources to conduct a "mini-trial" at this time to determine the relevance of missing video of elevators and corridors and the level of prejudice, if any, to plaintiffs. Equally important, it is premature to rule on requested jury instructions. These consolidated cases involve multiple plaintiffs and multiple defendants and the formulation of jury instructions is better left to the discretion of the trial judge after hearing the evidence.

Accordingly, plaintiffs' motion for sanctions concerning defendants' failure to preserve evidence shall be denied without prejudice.

**IT IS THEREFORE ORDERED** that plaintiffs' motion for sanctions (**Doc. 117**) is **DENIED WITHOUT PREJUDICE.** The deadline for resubmitting this issue to the trial judge will be addressed during the final pretrial conference.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 13th day of May 2013.

                                       S/ Karen M. Humphreys
                                       KAREN M. HUMPHREYS
                                       United States Magistrate Judge