# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PATRICK CALLAHAN, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> UNIFIED GOVERNMENT OF WYANDOTTE ) <br> COUNTY/KANSAS CITY, KANSAS, et al., ) <br> ) <br> **Defendants.** ) <br> ) | CIVIL ACTION <br><br> No. 11-2621-KHV |

## MEMORANDUM AND ORDER

Patrick Callahan brings suit against the Unified Government of Wyandotte County/Kansas City, Kansas and multiple police officers for violation of constitutional and common law rights. For discovery purposes only, the Court has consolidated this case with three other cases.[1]  See Order (Doc. #26) filed March 7, 2012.  In this case, plaintiffs in all four cases have filed a motion for partial summary judgment.  See Doc. #267 filed June 18, 2013.  Because the case has been consolidated only for purposes of discovery – and not for purposes of summary judgment – the

---

[1] For discovery purposes only, the Court has consolidated the following cases:

Callahan v. Unified Gov. of Wyandotte Cnty./Kan. City, Kan., et al., Case No. 11-2621-KHV-KMH;

Gambrill v. Unified Gov. of Wyandotte Cnty./Kan. City, Kan., et al., Case No. 11-2699-KHV-KMH;

Pitman v. Unified Gov. of Wyandotte Cnty./Kan. City, Kan., Case No. 12-2010-KHV-KMH; and

Hammons v. Unified Gov of Wyandotte Cnty./Kan. City, Kan., Case No. 12-2028-KHV-KMH.

Order (Doc. #26) filed March 7, 2012.

motion is properly filed only as to Callahan, i.e. plaintiff in this case.² This matter comes before the Court on plaintiff's Consent Motion For Leave To File Under Seal (Doc. #268) filed June 18, 2013. For reasons stated below, the Court overrules plaintiff's motion.

## **Legal Standards**

Federal courts have long recognized a common-law right of access to judicial records. Helm v. Kan., 656 F.3d 1277, 1292 (10th Cir. 2011); Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right derives from the public's interest in understanding disputes that are presented to a public forum for resolution and is intended to ensure that courts are fair and judges are honest. Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980); Worford v. City of Topeka, No. 03-2450-JWL-DJW, 2004 WL 316073, at *1 (D. Kan. Feb. 17, 2004). The public's right of access, however, is not absolute. Helm, 656 F.3d at 1292. The Court therefore has discretion to seal documents if competing interests outweigh the public's right of access. Id.; United States v. Hickey, 767 F.2d 705, 708 (10th Cir. 1985). In exercising its discretion, the Court weighs the public's interests, which it presumes are paramount, against those advanced by the parties. Helm, 656 F.3d at 1292; Dobbins, 616 F.2d at 461. The party seeking to overcome the presumption of public access to the documents bears the burden of showing that some significant interest outweighs the presumption. Helm, 656 F.3d at 1292; Mann, 477 F.3d at 1149. The Court should seal documents based only on articulable facts known to the Court, and not based on unsupported hypothesis or conjecture. Worford, 2004 WL 316073, at *1 (citing Stapp v. Overnite Transp. Co., No. 96-2320-GTV, 1998 WL 229538, at *1 (D. Kan. April 10, 1998)).

---

² If plaintiffs wish to file the same motion in all four cases, they may include a combined caption which lists all four cases and file the same document in each case.

**Analysis**

Plaintiff seeks leave to file his memorandum in support of partial summary judgment – along with 26 exhibits in support thereof – under seal. In support of the request, plaintiff states that (1) the parties have produced or disclosed a large number of documents and information which is subject to a protective order in the case; (2) most of the depositions taken in the case contain testimony related to confidential documents and information; (3) the documents which plaintiff seeks to seal contain many references to documents and deposition testimony of a private or confidential nature, including records of internal affairs complaints and investigations as well as certain information that pertains to personnel matters; and (4) defendants maintain that the privacy interests in the deposition testimony and documents substantially outweigh the public's right of access to this information. Memorandum In Support Of Consent Motion For Leave To File Under Seal (Doc. #269) filed June 18, 2013 at 1-2.

Plaintiff asserts generally that the documents contain private or confidential information, but he provides no explanation as to why the information, if disclosed, might be harmful to either party. On this record, plaintiff has not come close to meeting his heavy burden to articulate a real and substantial interest which justifies depriving the public access to records which inform the Court's decision-making process.[3] See Helm, 656 F.3d at 1292. That defendants consent to the motion and

---

[3] Also, plaintiff has not shown that redaction would not sufficiently protect any information which is legitimately confidential. Pursuant to the District of Kansas Administrative Procedure for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means, plaintiff may redact personal data as follows:

> To address the privacy concerns created by Internet access to court documents, litigants shall modify or partially redact the following personal data identifiers appearing in documents filed with the court:

(continued...)

the Court has entered a protective order do not in themselves provide sufficient reasons to seal the documents. Stormont-Vail Healthcare, Inc. v. BioMedix Vascular Solutions, Inc., No. 11-4093-SAC, 2012 WL 884926, at *1 (D. Kan. March 14, 2012); Carefusion 213, LLC v. Professional Disposables, Inc., No. 09-2616-KHV-DJW, 2010 WL 2653643, at *1 (D. Kan. June 29, 2010).

**IT IS THEREFORE ORDERED** that plaintiff's Consent Motion For Leave To File Under Seal (Doc. #268) filed June 18, 2013 be and hereby is **OVERRULED.**

Dated this 28th day of June, 2013 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

---

[3](...continued)
    1. Social Security numbers: Use only the last four numbers; and
    2. Minors' names: Use the minors' initials;
    3. Dates of birth: Use only the year; and
    4. Financial account numbers: Identify the name or type of account and the financial institution where maintained, but use only the last four numbers of the account number.
In addition, parties may modify or partially redact other confidential information as permitted by the court (e.g., driver's license numbers, medical records, employment history, individual financial information, and proprietary or trade secret information).
* * *

District of Kansas Administrative Procedure for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases, § II., I.