## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PATRICK CALLAHAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE UNIFIED GOVERNMENT OF )<br>WYANDOTTE COUNTY/KANSAS )<br>CITY KANSAS, et al., )<br>)<br>Defendants, )<br>) | Case No. 11-2621-KHV<br>(Lead Case)[1] |

## MEMORANDUM AND ORDER

This matter is before the court on the following related motions:

1) defendants' motions for an order compelling plaintiffs Scotty Hammons (Doc. 275) and Jeffrey Gardner (Doc. 276) to submit to medical examinations pursuant to Fed. R. Civ. P. 35;

2) defendants' third motion to extend the deadline to conduct independent medical exams (Doc. 280); and

3) defendants' motion for leave to supplement its reply memorandum (Doc. 298). Hammons and Gardner each oppose the respective motions for their exams and, alternatively, request that certain conditions be imposed if the examinations are ordered. Gardner opposes the motion for extension of exam deadlines. As explained in greater detail below,

---

[1] Case Nos. 11-2699, 12-2010, and 12-2028 are consolidated with this case for purposes of

defendants' motions shall be **GRANTED**.

**Background**

The basis of this lawsuit is the arrest and detention of certain police officers employed by the Kansas City, Kansas Police Department ("KCKPD"). Highly summarized, plaintiffs allege various civil rights and state law violations related to their arrest and detention following an internal sting operation by the KCKPD. The sting was designed to catch members of a tactical police team in the act of stealing property while executing a search warrant on a residence.[2] Plaintiffs contend that they did not steal any property or engage in any illegal conduct and that their arrests were without probable cause. In addition to other civil rights and torts claims, plaintiffs allege they suffered extreme emotional distress and psychological trauma from their arrests. Defendants have filed motions regarding the psychological examinations of the plaintiffs and associated issues. The court considers these motions together and addresses each motion in turn.

**Defendants' Motion to Compel Rule 35 Examinations**
**(Docs. 275 and 276)**

Fed. R. Civ. P. 35(a)(1) grants the court discretionary authority to order a party to submit to a physical or mental examination by "a suitably licensed or certified examiner" if the party's "mental or physical condition is in controversy." The order may only be issued

---

discovery. All discovery related motions and orders are filed in case no. 11-2621.
[2] The details of the police sting operation were described in an earlier opinion and will not be repeated. (Memorandum and Order, Doc. 248.)

2

"on motion for good cause" and after notice to all parties and the person to be examined.[3] Additionally, the order must specify the time, place, manner, conditions, and scope of the examination, as well as the person who will perform the exam.[4] Defendants request an order compelling Gardner (Doc. 276) and Hammons (Doc. 275) to submit to separate Rule 35 examinations by psychologist Patrick Caffrey, Ph.D., at his offices, at times which may be mutually agreed upon by the parties and examining physician.

Hammons and Gardner do not dispute that their mental conditions are in controversy under Rule 35(a)(1). Instead, they oppose the motions, in nearly identical responses, by arguing that the requests are untimely and that the proposed exams are unreasonable in scope. Alternatively, they request that Dr. Caffrey should produce testing materials prior to the exams, that the exams should be recorded, and that the post-exam data must be disclosed to them. They also suggest that another psychiatrist examining one of the other plaintiffs should be employed in place of Dr. Caffrey. Plaintiffs' objections are addressed in detail below.

I. **Timeliness and Compliance with First Revised Scheduling Order and D. Kan. Rule 37.2**

Plaintiffs[5] first assert that defendants' requests for examinations are untimely for failure to comply with the court's First Revised Scheduling Order (Doc. 237), and should be

---

[3] Fed.R.Civ.P. 35(a)(2)(A).
[4] Fed.R.Civ.P. 35(a)(2)(B).
[5] For purposes of this order, because the other consolidated plaintiffs have not responded to the motions at issue, reference to "plaintiffs" will include only plaintiffs Hammons and Gardner unless otherwise indicated.

3

denied for failure to comply with local and federal rules requiring certification of pre-filing conference. Defendants contend that until the running of plaintiffs' June 1, 2013 expert designation deadline their counsel were unable to make a fully informed decision regarding the necessity of Rule 35 exams.

Plaintiffs do not dispute that within days of their expert deadline defense counsel began conferring with plaintiffs' counsel regarding the subject exams. Within approximately one week, defendants had located experts and scheduled all seven plaintiffs for examination in advance of the July 1, 2013 deadline set by the scheduling order. It is undisputed that five of the seven plaintiffs were successfully scheduled for examination.

The parties' briefing establishes that they conferred on at least six occasions from June 7 through June 20, using multiple methods of communication to attempt resolution of this dispute. Though defendants did not file a separate certificate of compliance, defense counsel have described with particularity the efforts of counsel to resolve this dispute. Such efforts satisfy the "reasonable effort to confer" requirement in D. Kan. Rule 37.2 and Fed.R.Civ.P. 37(a)(1).

In fact, the timing of all seven plaintiffs' exams were analogous to both Hammons' and Gardner's examinations. Because the parties agreed on the examination schedules of the other five plaintiffs, plaintiffs' objection to timing as to only two plaintiffs seems disingenuous and is rejected.

## II. Conditions of Examination

Plaintiffs also oppose the conditions of the proposed examinations. Both plaintiffs were notified on June 7, 2013 of their impending examinations with Dr. Caffrey. These initial notices provided that "the appointment may last up to 8 hours."[6] Plaintiffs challenge the eight-hour examinations as unreasonable in scope, particularly because other plaintiffs' exams were expected to last approximately three hours.

After plaintiffs objected to the lack of detail in the initial notices of examination, defense counsel provided them with more information regarding the expected scope of exam. Arguing that the supplemental information was not detailed enough, plaintiffs also object to the fact that the specific tests to be administered have not been identified. Given the length of the exams, plaintiffs argue that they will apparently be subjected to additional tests which were not required of other plaintiffs and therefore defendants should identify the tests in advance. Plaintiffs also request that defendants provide copies of the actual testing materials to plaintiffs following the exam and that the defendants be prohibited from accessing this material.

Plaintiffs rely upon the court's ruling in *Hertenstein* to support their argument that the exam(s) should be conducted by another qualified examiner or that the exam(s) should be limited to no more than 3 hours.[7] Yet plaintiffs further contend that "because of the nature of

---

[6] Doc. 276-1 at 2; Doc. 275-1 at 2.
[7] *See Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 631 (D. Kan. 1999) (discussing the court's authority to appoint a different physician "if the physician planned to use a discredited technique or one of questionable validity, or one that jeopardized the patient's well-being" and noting that if the opposing party presents specific evidence that the chosen physician

5

this case, it should not be governed by the decision in *Hertenstein*," because that ruling did not allow advance disclosure of testing. [8] Plaintiffs fail to recognize that the court in *Hertenstein* ultimately found no adequate showing to support special protections for the subject of a Rule 35 exam. The level of pre-exam detail requested by plaintiffs is not required.[9]

Stripped of prolixity, plaintiffs' position is that the examinations for all plaintiffs should be of the same duration. Defendants have supported Dr. Caffrey's qualifications and his methods of testing with proper affidavits. Those affidavits have not been appropriately refuted by plaintiffs' conclusory arguments. Plaintiffs failed to rebut the affidavits with specific evidence that Dr. Caffrey's techniques are discredited or of questionable validity or that they will jeopardize the plaintiffs' well-being.[10] While the court may not necessarily endorse Dr. Caffrey's approach to testing, the court will not reject, out of hand, Dr. Caffrey's methods of examination in the absence of contrary evidence.[11]

Rule 35(a)(2)(B) provides that the ***court***, when issuing the order, determines the conditions of the examination. Plaintiffs' arguments are not persuasive, and the court finds that the potential eight-hour examinations are not unreasonable.[12] With regard to disclosure

---

"may improperly question the party, the better course may be to appoint a different physician.")
[8] Hammons' Resp., Doc. 302 at 6; Gardner Resp., Doc.. 287 at 6-7.
[9] *See Hertenstein*, 189 F.R.D. at 624, 634.
[10] *Id*. at 631-32.
[11] *Greenhorn v. Marriott Int'l, Inc.*, 216 F.R.D. 649, 652 (D. Kan. 2003) (noting that the "defendant's choice should be respected in the absence of a valid objection.")(internal citations omitted).
[12] The court "reject[s] plaintiff's request that the Rule 35 examination be limited to three hours where plaintiff failed to offer any basis for the limitation and to do so would subvert the truth-finding function inherent in Rule 35 examinations." *Id*. at 654 (citing *Abdulwali v. Washington Metro Area*

of data, Dr. Caffrey's testing is already subject to disclosure and review by plaintiffs as provided by Fed.R.Civ.P. 26(a)(2) and 35(b); therefore no additional disclosures or limitations thereof will be required.

Plaintiffs' request for recording of the exams is rejected. While this court previously found video recording to be reasonable in *Maldonado*, that case was clearly distinguishable.[13] In *Maldonado*, because of plaintiff's need for an interpreter and his arguably compromised mental abilities, the court concluded that the examinations should be videotaped. Here, no such reasons for recording have been shown.

Defendants have provided good cause for the exams, and plaintiffs do not dispute that their mental/emotional conditions are in controversy. Defendants' motions (Docs. 275 and 276) are **GRANTED**. Hammons and Gardner are ordered to appear for Rule 35 examinations with Dr. Caffrey at his office, at a time which accommodates the parties and the physician's schedules.[14]

### Defendants' Motion to Extend Deadlines (Doc. 280)

Defendants request that the court extend the deadline to conduct medical examinations and also extend expert witness disclosure deadlines only as to the disclosures associated with the examinations of Hammons and Gardner. Only Gardner opposes the proposed deadline

---

*Transit Authority,* 193 F.R.D. 10, 15 (D.D.C.2000)).
[13] *See Maldonado v. Union Pac. R.R. Co., et al*, Case no. 09-1187-EFM-KMH (D. Kan. Feb. 25, 2010) (unpublished); *see also Maldonado v. Union Pac. R.R. Co.*, Case no. 98-1187-EFM-KMH (D. Kan. May 12, 2010) (unpublished).
[14] *Hertenstein.*, 189 F.R.D. 620, 623 (D. Kan. 1999) (noting that the court may sustain a motion for

extension.

In opposition, Gardner largely repeats his arguments regarding untimeliness of the motions to compel and also contends that, because Gardner asserted his claim for mental and emotional damages in his initial complaint, defendants were on notice for over a year that a medical examination may be needed. Gardner's reasoning is flawed, as the mere assertion of a claim for mental or emotional damages does not, in and of itself, constitute a request for a Fed.R.Civ.P. 35 exam.[15] Further, defendants have provided good cause for their delay in seeking the Rule 35 exams.[16]

Gardner provides no authority for his opposition to the extension of the deadline. Under the facts presented, the court finds that defendants have shown good cause for extension and have complied with the requirements of D. Kan. Rule 6.1 and 37.2. The defendants' motion to extend the deadline to conduct independent medical examinations is **GRANTED**.

### Defendants' Motion to Supplement (Doc. 298)

Defendants request leave to supplement their reply memorandum (Defs.' Reply, Doc. 295) in support of their motion to compel Gardner's attendance at a Rule 35 exam. In their reply, defendants referred to Dr. Caffrey's statements of position regarding his proposed

---

Rule 35 exam, subject to agreement of the parties on the particulars of the examination).

[15] *Thiessen v. General Elec. Capital Corp.*, 178 F.R.D. 568, 570 (D. Kan. 1998) (finding that the "'in controversy' and 'good cause' requirements of Rule 35 are not met by mere conclusory allegations of the pleadings—nor by mere relevance to the case"); *see also Chaparro v. IBP, Inc.,* 1994 WL 714369, at *3 (D. Kan. Dec. 7, 1994) ("The mere assertion of a claim for emotional distress does not of itself open the door for a motion to compel submission to a mental examination.").

[16] *See* discussion *supra* section I., p. 3-4.

examination of plaintiff Gardner. Defendants seek leave to supplement that reply with Dr. Caffrey's executed affidavit. Because no response in opposition was filed to the motion to supplement, the motion is uncontested and **GRANTED** pursuant to D. Kan. Rule 7.4. Defendants shall file their supplement on or before **August 30, 2013**.[17]

**IT IS THEREFORE ORDERED** that defendants' motions to compel (**Doc. 275 and 276**), motion to extend time to conduct examinations and related disclosures (**Doc. 280**), and motion to supplement (**Doc. 298**) are **GRANTED**, consistent with the rulings herein. Defendants must complete the examinations of Hammons and Gardner on or before **September 10, 2013**. Defendants' deadlines for expert witness disclosures as to these specific Rule 35 exams are extended to **September 24, 2013**. The rebuttal deadline for said expert disclosures is extended to **October 8, 2013**. All other expert disclosures should be complete.

A motion for reconsideration of this order under D. Kan. Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not

---

[17] Given the uncontested nature of defendants' motion to supplement and in the interest of judicial economy, the court has considered the affidavit of Dr. Caffrey when ruling on these related motions simultaneously; therefore, the filing of the affidavit may appear unnecessary. However, in order to maintain consistency with this court's local rules and to continue uniformity of the docket, the

the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate.[18]  Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by the court in *Comeau v. Rupp*.  The response to any motion for reconsideration shall not exceed three pages.  No reply shall be filed.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 28th day of August, 2013.

S/ Karen M. Humphreys
KAREN M. HUMPHREYS
United States Magistrate Judge

---

supplement must be filed.
[18] *Comeau v. Rupp*, 810 F. Supp. 1172 (D. Kan. 1992).