IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

| | |
|---|---|
| PATRICK E. CALLAHAN,                )<br>                    Plaintiff,    )<br>v.                                   )<br>                                     )<br>UNIFIED GOVERNMENT OF WYANDOTTE      )<br>COUNTY/KANSAS CITY, KANSAS, et al., )<br>                    Defendants   )<br>_____    ) | Case No. 11-2621-KHV |
| MARK GAMBRILL, et al.,               )<br>                    Plaintiffs,   )<br>v.                                   )<br>                                     )<br>UNIFIED GOVERNMENT OF WYANDOTTE      )<br>COUNTY/KANSAS CITY, KANSAS, et al., )<br>                    Defendants   )<br>_____    ) | Case No. 11-2699-KHV |
| JASON PITTMAN,                       )<br>                    Plaintiff,    )<br>v.                                   )<br>                                     )<br>UNIFIED GOVERNMENT OF WYANDOTTE      )<br>COUNTY/KANSAS CITY, KANSAS, et al., )<br>                    Defendants   )<br>_____    ) | Case No. 12-2010-KHV |
| SCOTT A. HAMMONS,                    )<br>                    Plaintiff,    )<br>v.                                   )<br>                                     )<br>UNIFIED GOVERNMENT OF WYANDOTTE      )<br>COUNTY/KANSAS CITY, KANSAS, et al., )<br>                    Defendants   )  | Case No. 12-2028-KHV |

**ORDER ADOPTING JOINT STIPULATION TO EXCLUDE EVIDENCE
AND ARGUMENTS AT TRIAL**

These matters come before the Court upon the parties' Joint Stipulation to Exclude

Evidence and Arguments at Trial. Having reviewed the Stipulation, and for good cause shown,

the Court finds that the parties, their counsel, and all witnesses, shall be prohibited at the trial of the above-captioned matters from offering, making reference to, commenting upon, introducing testimony, evidence or documents regarding or presenting any argument pertaining to:

1. Any physical injuries or resultant physical pain associated with such injuries incurred by any of the Plaintiffs. The parties agree that Plaintiffs are not seeking recovery for any physical injuries, which are governed by their workers' compensation cases and the exclusive remedy rule. The parties further agree that to allow such testimony may result in double recovery in the workers compensation case and through an award of damages in these cases.

2. Any physical injury or physical pain incurred as a result of being handcuffed which is the subject of a workers compensation claim for Plaintiffs Trung Hoang, Michael Mills and Scott Hammons.

3. All evidence pertaining to Plaintiffs' workers' compensation claims made by Plaintiffs Trung Hoang, Michael Mills and Scott Hammons in relation to the physical injuries they allege to have suffered on January 4, 2011. This includes all evidence pertaining to the existence of claims and not merely the settlement of claims. The parties agree that this evidence is barred by the collateral source rule.

4. Any reference to the Rodney King incident or to a former KCKPD officer's involvement in the Rodney King incident.

5. Any reference to a Confederate flag that may have been stolen and posted in the SCORE office.

6. Any evidence relating to rumors of any intimate relationship between Rick Armstrong and Kelly Peterson.

7. Any reference to the events surrounding the administration of the Cooper test to Plaintiff Trung Hoang. The parties agree that Plaintiff Hoang is not seeking recovery for any physical injuries.

8. All evidence pertaining to prior legal actions in which any of the Plaintiffs or Defendants were a party, including bankruptcies and legal actions in which the subject of such litigation was divorce, child support, child custody or severance of parental rights.  This prohibition is limited to official legal proceedings.

9. Any reference to Settlements or Offers of Settlement or Compromise.

10. Any reference to the filing of Defendants' Motion in Limine suggesting or inferring that Defendants have moved to prohibit proof or that the Court has excluded proof of any particular matter. This does not preclude Plaintiffs' right to object to any evidence that was the subject of the Motion in Limine.

**IT IS SO ORDERED.**

Dated June 19, 2014, at Kansas City, Kansas.


 s/ James P. O'Hara            
James P. O'Hara
Chief Magistrate Judge