IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PATRICK E. CALLAHAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 11-CV-2621-KHV |
| UNIFIED GOVERNMENT OF WYANDOTTE ) | |
| COUNTY/KANSAS CITY, KANSAS, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## MEMORANDUM AND ORDER

On July 25, 2014, the Court overruled in part and struck in part Defendant Unified Government's Motion For Summary Judgment (Doc. #368) and Defendants Rick Armstrong, James Brown, Greg Lawson and Curtis Nicholson's Motion For Summary Judgment (Doc. #370) both filed December 20, 2013. See Order (Doc. #450). On August 8, 2014, defendants filed a Motion For Reconsideration Of Order Denying Their Motions For Summary Judgment (Doc. #457). To "prevent manifest injustice," defendants ask the Court to reconsider its rulings on their summary judgment motions and "reach the merits of the issues raised," because they are "entitled to a full analysis of qualified immunity before trial." Id. at 1, 2, 4, 7. They also imply that the Court abused its discretion by striking their briefs and failing to address purely legal arguments, maintaining that they had properly argued that they had probable cause to arrest or reasonable suspicion to detain plaintiff and that their summary judgment briefs did not violate D. Kan. Rule 56.1. See id. at 2-7. For the reasons set forth below, the Court overrules defendants' motion.

**I.	Jurisdiction**

Before considering the merits of the motion, it is necessary to discuss jurisdiction.  On August 22, 2014, defendants filed a notice of appeal on the issue of qualified immunity, which they believe divests this court of jurisdiction.  See Defendants' Reply To Plaintiff's Memorandum In Opposition To Defendants' Motion For Reconsideration Of Order Denying Their Motions For Summary Judgment (Doc. #462) filed August 25, 2014 at 1.

Defendants seek reconsideration under D. Kan. R. 7.3(b), which governs non-dispositive orders.  Defendants should have sought reconsideration of the Court's denial of qualified immunity, however, under Fed. R. Civ. P. 59(e) and D. Kan. R. 7.3(a), which govern reconsideration of dispositive orders.

An "order rejecting the defense of qualified immunity at the summary judgment stage is a final judgment subject to immediate appeal."  Springer v. Albin, 398 Fed. App'x 427, 432 (10th Cir. 2010) (unpublished) (quoting Behrens v. Pelletier, 516 U.S. 299, 307 (1996)) (internal quotation marks and ellipses omitted).[1]  Such an order may be challenged by a Rule 59(e) motion.  See id. (the Federal Rules of Civil Procedure define "judgment" as "any order from which an appeal lies").  The Court therefore construes defendants' motion as one to alter or amend the judgment under D. Kan. R. 7.3(a) and Fed. R. Civ. P. 59(e).

---

[1]	In Springer, the district court denied defendants' motion for summary judgment, which was based in part on qualified immunity.  398 Fed. App'x at 429.  Defendants brought a Rule 59(e) motion regarding the qualified immunity ruling, which the court overruled.  Id. at 431.  Defendants appealed the denial of the Rule 59(e) motion, and then filed an amended notice of appeal, appealing from both the summary judgment ruling and the order denying Rule 59(e) relief.  Id.  One issue on appeal was whether the Tenth Circuit had jurisdiction to hear the appeal on the summary judgment and Rule 59(e) order, because they were not judgments.  Id. at 422.  The Tenth Circuit stated that they were final judgments, using the language quoted above.  Id.

Under Rule 4(a)(4) of the Federal Rules of Appellate Procedure, when a party files a notice of appeal challenging a final order before the district court disposes of a motion brought under Fed. R. Civ. P. 59(e), the notice becomes effective after the district court rules on the motion.  See Fed. R. App. P. 4(a)(4)(B)(i).  The Court therefore retains jurisdiction to rule on defendants' motion for reconsideration.[2]

## II.  Legal Standards

### A.  Motion for Reconsideration

The Court has discretion whether to grant or deny a motion to reconsider.  See Hancock v. City of Okla. City, 857 F.2d 1394, 1395 (10th Cir. 1988).  The Court may recognize any one of three grounds justifying reconsideration on a Rule 59(e) motion: an intervening change in controlling law, the availability of new evidence or the need to correct clear error or prevent manifest injustice.  Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc., 693 F.3d 1195, 1212 (10th Cir. 2012); see also F.T.C. v. Chapman, 714 F.3d 1211, 1219 (10th Cir. 2013).

### B.  Summary Judgment

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  See Fed. R. Civ. P. 56(a); accord Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Vitkus v. Beatrice Co., 11 F.3d 1535, 1538-39 (10th Cir. 1993).  The moving party bears the initial

---

[2] Defendants cite Stewart v. Donges, 915 F.2d 572 (10th Cir. 1990), for the proposition that the Court lacks jurisdiction here.  There, the Tenth Circuit held that the district court lacked jurisdiction to proceed to trial during the pendency of an interlocutory appeal from the district court's denial of summary judgment on the issue of qualified immunity.  In Stewart, defendants had not filed a motion to alter or amend the judgment under Rule 59(e) before filing the notice of appeal.  Here, defendants' notice of appeal is not effective (thereby divesting this Court of jurisdiction) until entry of this order.  See Fed. R. App. P. 4(a)(4)(B)(i).

burden of showing the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hicks v. City of Watonga, 942 F.2d 737, 743 (10th Cir. 1991). Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial as to those dispositive matters which he carries the burden of proof. See Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991).

### C. Qualified Immunity

Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity provides government officials immunity from suit as well as from liability for discretionary acts. See Mitchell v. Forsyth, 472 U.S. 511 (1985). When defendants assert a qualified immunity defense at the summary judgment stage, the burden shifts to plaintiff to show that defendants violated a constitutional right and the law was clearly established at the time of the alleged violation. Vondrak v. City of Las Cruces, 535 F.3d 1198, 1204 (10th Cir. 2008). To satisfy this burden, plaintiff must show that when viewed in the light most favorable to plaintiff, the record establishes that defendants violated a constitutional right and that the right was clearly established at the time of the alleged violation. See Olsen v. Layton Hills Mall, 312 F.3d 1304, 1312 (10th Cir. 2002) (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)). If plaintiff does so, the burden shifts back to defendants to prove that no genuine issues of material fact exist and that defendants are entitled to judgment as a matter of law. See

id.  If the record shows an unresolved issue of fact relevant to the qualified immunity analysis, the Court must deny the motion for summary judgment.  See id.

### III.     Analysis

#### A.     Motion for Reconsideration

While defendants ask the Court to reconsider its order overruling their motions for summary judgment, they do not argue that the Court came to the wrong decision on qualified immunity.  Rather, they contend that the Court did not provide enough analysis and that so on appeal, the Tenth Circuit will remand.  Defendants' strategy in this regard is confusing, to say the least.  On the one hand, they demand a more plenary explanation of the Court's reasoning.  On the other hand, they file a notice of appeal and insist that the Court lacks jurisdiction to deliver the very statement of reasons which they demand.  Their strategy is all the more confusing because the law with regard to what constitutes an arrest and what constitutes probable cause for a warrantless arrest is well established and no one argues otherwise.  The Court recognizes that the Tenth Circuit has remanded cases for the district court to analyze whether the law was clearly established.  See, e.g., Kerns v. Bader, 663 F.3d 1173, 1181-82 (10th Cir. 2011).  It does not follow, however, that defendants will suffer manifest injustice without this analysis.  The clearly established law is amply cited in the summary judgment briefs and is not in dispute.  Genuine issues of material fact form the basis of the Court's denial of summary judgment under the clearly established law.

#### B.     Qualified Immunity

Patrick Callahan was a member of the SCORE unit which was subjected to a sting operation on January 4, 2011. Defendants Armstrong, Brown, Lawson and Nicholson were officers in the Police Department of Kansas City, Kansas with various roles in planning and

5

executing the sting operation.  Under 42 U.S.C. § 1983, each claim which plaintiff brings against the individual defendants relies on an underlying allegation that during the sting operation, defendants violated his Fourth and Fourteenth Amendment rights by arresting him without probable cause and/or detaining him without reasonable suspicion.  As noted, the individual defendants sought summary judgment on the issue of qualified immunity.  See Pahls v. Thomas, 718 F.3d 1210, 1227 (10th Cir. 2013) (officials enjoy presumption of immunity when defense of qualified immunity raised); Medina v. Cram, 252 F.3d 1124, 1129-30 (10th Cir. 2001) (assertion of qualified immunity raises rebuttable presumption, which shifts burden from defendants to plaintiff).

Defendants who seek summary judgment on the qualified immunity defense must comply with Fed. R. Civ. P. 56, D. Kan. R. 56.1 and D. Kan. R. 7.1.  For the reasons discussed in its order, including failure to comply with Fed. R. Civ. P. 56 and D. Kan. R. 56.1, the Court struck defendants' summary judgment briefs.  See Order (Doc. #450).  Furthermore, defendants violated the Court's orders regarding page limits by massive incorporation of other briefs.  The Court sustained defendants' motion to file briefs in excess of 30 pages of argument, ruling that each defendant could file one brief with the argument section not to exceed 40 pages.  See Order (Doc. #364) filed December 16, 2013.  Defendants sought reconsideration of that ruling, which the Court denied.  See Order (Doc. #366) filed December 19, 2013 at 4.  Despite these rulings, defendants incorporated the "argumentation and authorities" from Defendant Unified Government's Memorandum In Support Of Motion For Summary Judgment (Doc. #369) filed December 20, 2013, and Defendants' Response To Plaintiff's Motion For Partial Summary Judgment (Doc. #336) filed September 23, 2013, which together totaled hundreds of pages including exhibits.  See Defendants Rick Armstrong, James Brown, Greg Lawson and Curtis

6

Nicholson's Memorandum In Support Of Motion For Summary Judgment (Doc. #371) filed December 20, 2013 at 86. In violating the Court's page limits, defendants did not commit some technical foul with the Court might excuse under the theory of "no harm, no foul;" this approach completely confounded any effort to establish the facts on any kind of reasonable timetable. It also meant that defendants incorporated arguments which were not pertinent to the precise legal arguments at issue in the primary brief. Understanding the importance of the qualified immunity issue, the Court addressed it despite deficiencies in the briefing.

In denying summary judgment on the issue of qualified immunity, construing the facts in the light most favorable to plaintiff, the Court expressly or implicitly found that the law was clearly established and that plaintiff had shown a genuine issue of material fact whether Armstrong, Brown, Lawson and Nicholson violated his constitutional rights. The Court based its ruling on the following facts, which are undisputed or construed in the light most favorable to plaintiff.[3]

---

[3] Similar to Judge Lawrence J. O'Neill from the United States District Court for the Eastern District of California, this Court did not "address all arguments, evidence and matters presented by parties and addresse[d] only the arguments, evidence and matters necessary to reach the decision in this order given the shortage of district judges and staff." Horisons Unlimted v. Santa Cruz-Monterey-Merced Managed Med. Care Comm'n, No. CV F 14-0123 LJO MJS, 2014 WL 345237, at *1 (E.D. Cal. Jan. 29, 2014). Given the fact that for nearly four years, the Court has had one and sometimes two vacancies out of six authorized district judge positions, the Court encourages the parties to contact their United States Senators Pat Roberts and Jerry Moran to address this Court's inability to accommodate their request for more plenary work product. Id.

As to qualified immunity, it has decided the issue on the merits. The Court notes as follows:

> It is an overstatement to say it is only fair that the more people use a resource, the more they should pay for it. This axiom makes sense regarding electricity; not so much regarding the federal court system. But judicial resources are finite. At some point, increasing caseloads [and decreasing judicial resources] detrimentally affect the level of service . . . that . . . federal judges provide.

(continued…)

### i. The Arrest

Defendants arrested plaintiff when the SCORE van entered the police parking garage. Armstrong and other police commanders pointed their weapons at plaintiff, and Armstrong shouted, "You are all under arrest." The commanders ordered plaintiff out of the van, told him to keep his hands up, disarmed him and ordered him to the east wall of the garage. Plaintiff turned and placed his hands on the wall. A KCKPD major armed with a semi-automatic rifle guarded plaintiff. KCKPD officers took plaintiff to the Narcotics Office for ten hours.[4] Armstrong twice told the SCORE officers that they were in custody and were suspects in a criminal investigation.

### ii. Probable Cause

Defendants lacked probable cause to arrest plaintiff. During the sting operation, none of the KCKPD officers saw plaintiff commit or witness a theft. After the sting, Armstrong told the assembled commanders that "a few" SCORE officers had committed theft. He nonetheless ordered them to apprehend everyone at gunpoint and bring plaintiff to the Narcotics Office for questioning.[5]

---

(…continued)

David R. Cohen, Special Masters Versus Magistrate Judges: No Contest, Fed. Law., Sept. 2014, at 76.

[4]   After he was released, plaintiff was told that he would be paid for that time.

[5]   In overruling *plaintiff's* motion for partial summary judgment, the Court stated that construing the facts in the light most favorable to defendants, defendants had probable cause for plaintiff's warrantless arrest. See Memorandum And Order (Doc. #455) filed July 25, 2014 at 10. As in Maryland v. Pringle, 540 U.S. 366 (2003), the facts "could give defendants reasonable grounds to believe that all SCORE officers who were on the scene were involved in a common criminal enterprise." See Memorandum And Order (Doc. #455) at 7-9.

(continued…)

### iii. Individual Defendants' Direct Involvement

Each defendant participated in plaintiff's arrest, or failed to prevent it or shorten its duration.

Armstrong approved the plan that called for all SCORE officers to be taken into custody if any thefts occurred and individual culprits could not be identified. During the sting, Armstrong knew that plaintiff had not been identified in a room with bait. Armstrong nonetheless told plaintiff that he was under arrest and ordered that he be apprehended at gunpoint and taken to the Narcotics Office.

Brown apprehended plaintiff at gunpoint knowing that not all SCORE officers had committed theft. Brown could have shortened the duration of plaintiff's arrest, but did not intervene when Armstrong told plaintiff that he was still a suspect.

Lawson apprehended plaintiff at gunpoint as Armstrong shouted that the SCORE officers were all under arrest. At the time, Lawson knew that plaintiff was never identified in a room with bait.

Nicholson helped develop the sting plan. He was at the sting residence and never saw plaintiff in any room with bait. Nicholson did not have probable cause to arrest plaintiff. Nonetheless, he ordered the team into the SCORE van and ordered the driver to proceed to

---

(…continued)

Here, construing the disputed facts in the light most favorable to plaintiff, the record similarly reveals a genuine issue of material fact on that issue. While defendants maintain that the SCORE unit was close knit (suggesting that SCORE officers knew that some were stealing), plaintiff maintains that they were not; rather, they trusted each other to know what they were doing and to do the right thing at work. Further, after the sting operation, Armstrong told the commanders that only "a few" SCORE officers had stolen or appeared to be involved. On these facts, a reasonable jury could find that defendants lacked probable cause to arrest plaintiff.

headquarters, where he knew that armed commanders would apprehend plaintiff. Nicholson did not intervene to stop plaintiff's arrest or shorten its duration.

### iv. Clearly Established Law

On the date of the sting operation, the law was clearly established that an officer may not arrest an individual without a warrant unless there is probable cause. Herrera v. City of Albuquerque, 589 F.3d 1064, 1071 (10th Cir. 2009). Probable cause "exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense." Baptiste v. J.C. Penney Co., 147 F.3d 1252, 1256 (10th Cir. 1998) (internal quotation marks and emphasis omitted). The law was also clearly established that probable cause must exist with respect to each person arrested and that without more, mere propinquity to others independently suspected of criminal activity is an insufficient basis for probable cause. See Ybarra v. Illinois, 444 U.S. 85, 91, 93 (1979). A police officer who acts in reliance on the probable cause conclusions of another police officer is not entitled to qualified immunity unless the reliance was objectively reasonable. Stearns v. Clarkson, 615 F.3d 1278, 1286 (10th Cir. 2010); Baptiste, 147 F.3d at 1260. Where the arresting officer has personal knowledge that probable cause does not exist, his reliance on another officer's probable cause determination is unreasonable. Stearns, 615 F.3d at 1286. Further, it was "clearly established that all law enforcement officers have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." Vondrak, 535 F.3d at 1210.[6]

---

[6] Defendants argue that plaintiff should not be permitted to rely on failure to intervene because he did not plead it as a separate claim or include it in the Pretrial Order

(continued…)

Construing the facts in plaintiff's favor, each individual defendant directly contributed to violating plaintiff's constitutional rights.  The law was clearly established.  Genuine issues of material fact prevent the Court from entering summary judgment on the issue of qualified immunity.[7]  The Court therefore overrules defendants' motion for reconsideration.

**IT IS THEREFORE ORDERED THAT** Defendants' Motion for Reconsideration of Order Denying Their Motions for Summary Judgment (Doc. #457) filed August 8, 2014, be and hereby is **OVERRULED.**

Dated this 9th day of September, 2014, at Kansas City, Kansas.

>s/ Kathryn H. Vratil
>KATHRYN H. VRATIL
>United States District Judge

---

(…continued)
(Doc. #360) filed December 12, 2013.  See Defendants Rick Armstrong, James Brown, Greg Lawson and Curtis Nicholson's Reply Memorandum In Support Of Motion For Summary Judgment (Doc. #409) filed March 31, 2014 at 94.  The Court disagrees.  In Vondrak, plaintiff did not bring a separate claim for failure to intervene.  535 F.3d at 1200.  The Tenth Circuit analyzed the failure to intervene as an alternative way to find liability, not as a separate claim. See id. at 1210; see also Fogarty v. Gallegos, 523 F.3d 1147, 1163 (10th Cir. 2008) (failure to intervene in unlawful arrest is way to establish indirect liability); Stewart v. City of Prairie Vill., Kan., 904 F. Supp. 2d 1143, 1158 (D. Kan. 2012) (dismissing failure to intervene claim because it failed to state claim).

[7]  Defendants complain that the Court failed to explain its decision to strike the portions of their summary judgment briefs which raise purely legal issues.  See Defendants' Motion For Reconsideration Of Order Denying Their Motions For Summary Judgment (Doc. #457) at 7.  As discussed, the Court struck the entirety of defendants' briefs, including those sections that defendants claim raise purely legal issues.

11