IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PATRICK CALLAHAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNIFIED GOVERNMENT OF WYANDOTTE )<br>COUNTY/KANSAS CITY, KANSAS, et al., )<br>)<br>Defendants. )<br>_____) | CIVIL ACTION<br><br>No. 11-2621-KHV |

**MEMORANDUM AND ORDER**

On May 20, 2016, the Court sustained as unopposed plaintiff's Motion For Sanctions Under Federal Rule Of Civil Procedure 37(e) With Request For Evidentiary Hearing (Doc. #524) filed May 5, 2016. See Order (Doc. #547). Specifically, because defendants did not file a response within the time provided by D. Kan. Rule 6.1(d)(1), i.e. by May 19, 2016, the Court considered and decided the motion as uncontested. See Order (Doc. #547) at 1. This matter is before the Court on Defendants' Opposed Motion To Set Aside Order (Dkt. #547) And For Leave To File Response To Plaintiff's Motion For Sanctions Out Of Time (Doc. #548) filed May 20, 2016. For reasons stated below, the Court sustains the motion in part.

Defendants ask the Court to set aside the order sustaining plaintiff's motion for sanctions and to allow them to file out of time a response to the motion. Pursuant to D. Kan. Rule 6.1, a party must file a motion for extension of time before the specified time expires and absent a showing of excusable neglect, the Court will not grant extensions requested after the specified time expires. D. Kan. Rule

6.1(a).[1]

Here, defendants did not request an extension of time before the specified time to respond expired. Thus, they must show excusable neglect. See id. Excusable neglect is a "somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P., 507 U.S. 380, 392 (1993). The determination whether neglect is excusable is at bottom an equitable one which requires the Court to consider all relevant circumstances including (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether movant acted in good faith. Id. at 395; Bishop v. Corsentino, 371 F.3d 1203, 1206-07 (10th Cir. 2004).

Defendants state that they fully intended to respond to plaintiff's motion but mistakenly calendared the response deadline as May 20 instead of May 19, 2016. Ordinarily, mistakes by counsel do not constitute excusable neglect. See, e.g., Self v. Lansing Unified Sch. Dist. No. 469, No. 13-2487-KHV, 2014 WL 6678632, at *1 (D. Kan. Nov. 25, 2014) (citing Pioneer Inv., 507 U.S. at

---

[1] Rule 6.1(a) states, in part, as follows:

> All motions for an extension of time to perform an act required or allowed to be done within a specified time must show:
> (1) whether there has been prior consultation with other parties and the views of other parties;
> (2) the date when the act was first due;
> (3) if prior extensions have been granted, the number of extensions granted and the date of expiration of the last extension; and
> (4) the cause for the requested extension.
> Parties must file the motion before the specified time expires. Absent a showing of excusable neglect, the court will not grant extensions requested after the specified time expires.

D. Kan. 6.1(a).

392). On the facts of this case, however, the Court finds that the circumstances weigh in favor of allowing defendants to file their response out of time. In particular, the Court finds that a delay of one day is not unduly prejudicial to plaintiff or the judicial proceedings. Also, although the reason for the delay was entirely within counsel's control, the record does not suggest that defendants acted in bad faith. Accordingly, on this record, the Court will sustain defendants' motion in part, and allow them to file their response out of time.

**IT IS THEREFORE ORDERED** that Defendants' Opposed Motion To Set Aside Order (Dkt. #547) And For Leave To File Response To Plaintiff's Motion For Sanctions Out Of Time (Doc. #548) filed May 20, 2016 is **SUSTAINED IN PART AND DEFERRED IN PART**. The Court sustains defendants' motion for leave to respond out of time. The Court defers ruling on defendants' motion to set aside the Order (Doc. #547). **On or before 7:00 p.m. on May 25, 2016, defendants may file their response to plaintiff's Motion For Sanctions Under Federal Rule Of Civil Procedure 37(e) With Request For Evidentiary Hearing (Doc. #524). Any reply must be filed by 5:00 p.m. on May 30, 2016.**

**IT IS FURTHER ORDERED** that on **Friday, June 3, 2016** at **9:00 a.m.** in Courtroom 476, the Court will hold an evidentiary hearing and oral argument on plaintiff's Motion For Sanctions Under Federal Rule Of Civil Procedure 37(e) With Request For Evidentiary Hearing (Doc. #524) and whether the Court should vacate its Order (Doc. #547) filed May 20, 2016.

Dated this 25th day of May, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge
